# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $25,000.00 IN FUNDS ON DEPOSIT IN TD BANK      Case Number: 21-925M(NJ)
ACCOUNT ENDING IN 8519, HELD IN THE NAME OF
NINA FABIAN

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Brian Ball, being duly sworn depose and say:

I am a Detective and Task Force Agent assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force, and have reason to believe that in the District of New Jersey there is now certain property, namely, up to $25,000.00 in funds on deposit in TD Bank account ending in 8519, held in the name of Nina Fabian, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), as property that consists of, or is traceable to, proceeds of wire fraud committed in violation of 18 U.S.C. § 1343, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b)(2) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

    ✓ Continued on the attached sheet.

    ❑ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

                                                     _/s/ Brian Ball_
                                                     Signature of Affiant

Attested to by the applicant in accordance with the      Brian Ball, USSS
requirements of Fed. R. Crim. P. 4.1 by telephone
and email.

   June 25, 2021 @ 11:58a.m.                             at Milwaukee, Wisconsin
Date and time issued                                         City and State

                                                     _/s/ Nancy Joseph_

Nancy Joseph, U.S. Magistrate Judge
Name & Title of Judicial Officer                            Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Brian Ball, have been duly sworn on oath, state as follows:

## Affiant's Background

1. I am a Detective with the Village of Germantown Police Department and have been employed with that department since 2008. I am currently assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force ("MFCTF"). I was federally deputized on May 5th, 2021. My duties as a Detective and Task Force Agent with the Secret Service include investigating financial crimes, such as identity fraud, check fraud, credit card fraud, bank fraud, wire fraud, currency-counterfeiting offenses, and money laundering. During my employment with the Germantown Police Department and the MFCTF, I have conducted several investigations that have resulted in seizures of criminally derived property, including monetary instruments.

2. As a Detective and Task Force Agent, I have conducted investigations into wire fraud, money laundering, and other complex financial crimes. In the course of those investigations, I have used various investigative techniques, including reviewing physical and electronic evidence, obtaining and reviewing financial records, and working with cooperating sources of information. In the course of those investigations, I have also become familiar with techniques that criminals use to conceal the nature, source, location, ownership, and control of proceeds of crime and to avoid detection by law enforcement of their underlying acts and money laundering activities.

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrant, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrant.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained from the victim in the course of investigating this incident.

## Property Sought to be Seized

5. I submit this affidavit in support of an application for a warrant to seize up to $25,000.00 on deposit in TD Bank account ending in 8519 ("TD Bank 8519"), held in the name of Nina Fabian.

6. For the reasons set forth below, I submit that up to $25,000.00 in funds on deposit in TD Bank 8519 are:

    a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses committed in violation of 18 U.S.C. § 1343;

b.  Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

c.  Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

d.  Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

## Summary of Scheme to Defraud

7.  Detective Ball submits that there exists probable cause to believe that up to $25,000.00 in proceeds of a wire fraud scheme – which involved material misrepresentations and the use of interstate wires in connection with a romance fraud scam – have been deposited into TD Bank 8519, the account from which up to that amount of funds are sought to be seized

8.  As a part of the romance fraud aspect of the fraud scheme, an unknown suspect or suspects requested $25,000.00 to be wire transferred from the victim's Thrivent Financial, which are located within the Eastern District of Wisconsin, to TD Bank 8519, which is located outside this judicial district.

## Facts Supporting Findings of Probable Cause for Issuance of Seizure Warrant

### Common attributes of "West African" fraud schemes

9.  According to a March 2013 publication of the U.S. Federal Trade Commission, consumers lose hundreds of millions of dollars annually to cross-border financial crimes. Some of the most common cross-border financial schemes originate in West African nations such as Nigeria. Law enforcement agencies therefore sometimes refer to such schemes as "West African fraud schemes."

10. One common West African fraud scheme is a romance scam, in which a fraudster uses electronic messages, sent via email or social media services, to delude the victim in the United States into believing that the victim is in a romantic relationship with the person the fraudster purports to be. The fraudster then causes the victim to wire money to an account controlled by the fraudster on false pretenses.

11. Foreign perpetrators of such scams sometimes recruit witting or unwitting persons within the United States to open bank accounts that the foreign perpetrators use to receive proceeds of the scam. The foreign perpetrators often target persons within the United States who are seeking companionship, or are otherwise mentally or emotionally vulnerable, to open such accounts at financial institutions within the United States. Sometimes those accounts are opened by a victim of a romance scam.

2

Case 2:21-mj-00925-NJ   Filed 06/25/21   Page 3 of 6   Document 1

## Statement of Victim E.S. Regarding Romance Fraud Scheme

12. On September 16th, 2020, Germantown Police Officer Toni Olson met with a female victim having the initials E.S. regarding a fraud complaint.

13. E.S. resides in the Village of Germantown, which is located within the Eastern District of Wisconsin.

14. E.S. explained that since approximately May 2020, E.S. had been in an online relationship with a person she met online through a dating website called "Plenty of Fish." E.S. knew this person as "Marc Avaro Mutambina." Shortly after their first correspondence, E.S. and "Marc Avaro Mutambina" moved their online communications from Plenty of Fish Google Hangout.

15. E.S. stated that she had never met "Marc Avaro Mutambina" in person and only corresponded electronically with "Marc Avaro Mutambina." "Marc Avaro Mutambina" claimed to be an employee of Exxon Mobil and routinely worked overseas.

16. From May 2020, through July 8th, 2020, at the direction of the person E.S. believed to be "Marc Avaro Mutambina," and potentially other involved co-actors, E.S. sent 7 US Postal Money orders to various recipients in the United States. On July 26th, 2020, E.S. was directed by "Marc Avaro Mutambina" to wire transfer $25,000.00, from E.S.'s Thrivent Financial account to TD Bank 8519 held in the name of Nina Fabian.

## E.S.'s July 31, 2020, wire transfer of $25,000.00 in fraud proceeds into TD Bank 8519

17. E.S. provided Officer Olson with documentation of a wire transfer that E.S. had completed. In that transaction, E.S. wired $25,000.00, at the direction of "Marc Avaro Mutambina," from E.S.'s Thrivent Financial account ending in 4761 to TD Bank 8519.

18. E.S. told Detective Ball that "James" contacted her and identified himself as a friend of "Marc Avaro Mutambina's" and "James" told E.S. that this $25,000.00 was to pay for medical expenses "Marc Avaro Mutambina" had as a result of a motor vehicle accident. "James" further instructed E.S. to send the money to Nina Fabian at TD Bank 8519.

19. On July 31th, 2020, as instructed by "Marc Avaro Mutambina," E.S. wire transferred $25,000.00 from E.S.'s Thrivent Financial account ending in 4761 into TD Bank 8519.

20. E.S. was deceived and would not have otherwise made the Postal Money order purchases for "Marc Avaro Mutambina" or the wire transfer totaling $25,000.00 into TD Bank 8519 if E.S. had not been deceived on false and fraudulent pretenses by the person(s) E.S. believed to be "Marc Avaro Mutambina."

21. To fund this wire transfer, E.S. has lost a significant amount of retirement savings.

22. "Marc Avaro Mutambina" told E.S. that E.S. would be paid back. "Marc Avaro Mutambina" provided E.S. with information via email that said he had sold oil and had money for her. "Marc Avaro Mutambina" reported a series of misfortunate events that have slowed his progress in returning to the United States, which included financial hardships due to a motor vehicle accident and subsequent hospitalization.

23. As of June 24th, 2021, E.S. has not received money back from TD Bank, from the romance fraud scam.

24. I contacted TD Bank and received confirmation that Nina Fabian was the account holder of TD Bank 8519 and that Fabian had been wiring funds to other businesses after receiving E.S.'s $25,000.00.

25. TD Bank advised me that they have restricted Nina Fabian's access to TD Bank 8519 and that there were funds remaining in the account.

26. I therefore submit that there exists probable cause to believe that a total of $25,000.00 that "Marc Avaro Mutambina," and an associate name "James" had caused E.S. to wire from her Thrivent Financial accounts into TD Bank 8519, on July 31st, 2020. This money is proceeds of a romance fraud scam and, therefore, up to $25,000.00 in funds of deposit in TD Bank 8519 represent proceeds of this fraud scheme and are subject to seizure and forfeiture under both the civil and criminal asset forfeiture statutes.

### Applicable Money Laundering and Asset Forfeiture Provisions

27. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

28. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

4

(2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

29. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

30. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

31. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after restraining order or similar process has been issued to financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the money sought to be seized for forfeiture.

## Conclusion

32. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $25,000 in funds on deposit in TD Bank account ending in 8519, held in the name of Nina Fabian, are:

    a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

    b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

    c. Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

    d. Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

# # #